UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, JOHN DOE, and JANE DOE II, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 1:24-cv-1982 ) |
| INDIANA UNIVERSITY BLOOMINGTON, THE TRUSTEES OF INDIANA UNIVERSITY, INDIANA UNIVERSITY HEALTH BLOOMINGTON, INC., and CONNOR DELP, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, JANE DOE I, JOHN DOE and JANE DOE II, by counsel, for their complaint for damages and jury demand against the Defendants, INDIANA UNIVERSITY BLOOMINGTON, THE TRUSTEES OF INDIANA UNIVERSITY, (hereinafter collectively referred to as "IU"), INDIANA UNIVERSITY HEALTH BLOOMINGTON, INC., ("IU HEALTH BLOOMINGTON") and CONNOR DELP (hereinafter "DELP"), allege and say that:

### I.  PRELIMINARY STATEMENT

Plaintiffs, JANE DOE I, JOHN DOE and JANE DOE II, bring this action seeking redress for harms suffered due to Plaintiff JANE DOE I being subjected to sexual assault, sex-based harassment, discrimination, resulting from Defendants' intentional, knowing, deliberately indifferent, reckless and/or negligent acts and/or omissions. Defendants failed to implement policies, customs, and practices to address student-on-student sexual assault, sex-based harassment, and discrimination, failed to prevent or stop it from occurring in the fact of actual

knowledge that it was occurring, and failed to address and respond appropriately after it occurred to JANE DOE I. Specifically, Defendants created, fostered, or permitted a hostile environment to exist at IU that deprived JANE DOE I of rights and opportunities and caused her permanent harm.

On or about November 11, 2022, Defendant, CONNOR DELP, was a student-athlete at IU. DELP had previously been accused of sexual misconduct by an IU student in 2021. Defendant, IU officials and administrators showed deliberate indifference to actual notice of this sexual misconduct and condoned an environment of illegal and dangerous activity as well as sexual assault, sex-based harassment, and discrimination. IU officials and administrators ignored DELP's history of sexual misconduct and failed to institute corrective measures, policies, customs, and practices to protect other students, including JANE DOE I, from sexual assault by allowing DELP to remain enrolled at IU. Further, IU and IU HEALTH BLOOMINGTON exhibited a post-assault policy of deliberate indifference to DELP's sexual assault, sex-based harassment, and discrimination of JANE DOE I by failing to provide necessary and appropriate post-assault medical care and support.

## II.   PARTIES, VENUE AND JURISDICTION

1. Plaintiff JANE DOE I is a twenty-year-old female. JANE DOE I is a citizen of the State of Illinois and willingly submits to the jurisdiction of this Court. At the time of the sexual assault, JANE DOE I was eighteen years old. At all relevant times, JANE DOE I, was a student at IU and resided either on campus in Indiana or at her parents' home in Illinois.

2. Plaintiffs JOHN DOE and JANE DOE II are the biological parents of JANE DOE I. Plaintiffs JOHN DOE and JANE DOE II are citizens of the State of Illinois and willingly submit to the jurisdiction of this Court. JOHN DOE and JANE DOE II are responsible for JANE DOE I's medical expenses.

3. Defendant, INDIANA UNIVERSITY BLOOMINGTON is a public research university incorporated in Indiana.

4. At all relevant times, IU has received federal funding, including federal student financial aid, and as such is subject to liability under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a)("Title IX"). At all relevant times, IU has been contractually obligated to enforce Title IX in its programs and all IU student activities.

5. At all relevant times, Defendant, THE TRUSTEES OF INDIANA UNIVERSITY, was and is the governing body for INDIANA UNIVERSITY BLOOMINGTON.

6. Defendant, INDIANA UNIVERSITY HEALTH BLOOMINGTON, INC., is a non-profit, domestic corporation organized and incorporated under the laws of Indiana with its principal place of business located at 2651 E. Discovery Parkway, City of Bloomington, State of Indiana. At all relevant times, IU HEALTH BLOOMINGTON owned, operated and/or managed the medical facility located at 2651 E Discovery Parkway, City of Bloomington, State of Indiana.

7. At all relevant times, Defendant, CONNOR DELP, was a student at IU. Upon information and belief, DELP was and is a citizen and resident of Indiana.

8. This Court has federal question, diversity, and supplemental jurisdiction pursuant to 28 U.S.C. § 1331, § 1332, § 1343 and § 1367 because: (i) the federal law claims arise under the Constitution and statutes of the United States, specifically, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; (ii) the parties are residents of different states and the amount in controversy exceeds $75,000.00, and (iii) the state law claims are so closely related to the federal law claim as to form the same case or controversy under Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. § 1391, in that Defendants are subject to personal jurisdiction in the Southern District of Indiana. Defendants, INDIANA UNIVERSITY BLOOMINGTON, THE TRUSTEES OF INDIANA UNIVERSITY, and INDIANA UNIVERSITY HEALTH BLOOOMINGTON, INC., regularly conduct business activities within the Southern District of Indiana, and the events giving rise to the claims, occurred in the Southern District of Indiana. Defendant, CONNOR DELP, was and is domiciled in the Southern District of Indiana and the events giving rise to the claims, occurred in the Southern District of Indiana.

### III.   FACTUAL ALLEGATIONS

**A. Background.**

10. Plaintiffs incorporate by reference all other allegations of their Complaint as if fully set forth here.

11. In 1972, Congress enacted Title IX, which provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

12. At all relevant times, JANE DOE I was an adult female and student at IU Bloomington.

13. At all relevant times, DELP was an adult male and student athlete at IU Bloomington.

14. Upon information and belief, between 2019 through 2021, IU Bloomington reported 175 allegations of sexual related criminal offenses to the Office of Postsecondary Education of the U.S. Department of Education.

15. Prior to the sexual assault of JANE DOE I by DELP, DELP had been accused of sexual misconduct by another student in or about October of 2021.

16. Prior to the sexual assault of JANE DOE I by DELP, IU fostered an environment of foreseeable, rampant, and unpunished sexual assault.

**B. Delp's Sexual Misconduct at IU in 2021.**

17. DELP was a freshman at IU for the 2021-2022 school year.

18. DELP joined the IU football team as a walk-on during fall camp.

19. On October 31, 2021, DELP sexually assaulted and sexually battered a female student at a Phi Kappa Psi fraternity Halloween party between the hours of 1:00 and 3:00 a.m.

20. IU had actual notice of this sexual misconduct, via a report made to the Indiana University Police Department, which resulted in an investigation.

21. As a result of these allegations, DELP was "withheld from all football team activities" for a period.

22. As a result of being withheld from football activities in the 2021 season, he was granted redshirt status on the football team.

23. Despite IU's actual notice of DELP's sexual misconduct in October 2021, he was allowed to remain enrolled at IU and on the football team for the 2022-2023 school year.

**C. Delp's Sexual Misconduct at IU in 2022.**

24. For the 2022-2023 football season, DELP played in several games prior to November 11, 2024.

25. In the early morning hours of November 11, 2024, JANE DOE I and her friend were at DELP's residence, having been invited late the evening before.

26. At approximately 3:00 a.m. on November 11, 2024, DELP, JANE DOE I, and her friend were in DELP's bedroom to play video games.

27. JANE DOE I put on headphones to play a game while seated at the foot of DELP's bed. DELP and her friend were behind her.

28. After some time, JANE DOE I recognized that her friend had fallen asleep. She then leaned back on the bed to look at her phone. At that time, DELP grabbed her face and kissed her, while forcefully touching her genitals.

29. DELP then penetrated JANE DOE I's vagina with his fingers while removing her clothing and his own. JANE DOE I began to shake her head "NO" but was unable to physically say anything due to fear.

30. JANE DOE I was laying on her stomach on the bed when DELP proceeded to penetrate her vagina with his penis. DELP held her arms to her side at her elbows. Her head was suctioned against the wall, which prevented her from saying anything.

31. JANE DOE I was able to roll over to a position where she was facing DELP. He continued to engage in vaginal intercourse with her while still holding her arms down to the bed with his hands.

32. DELP began to tug at and whisper into her sleeping friend's ear, attempting to get her to engage in the act.

33. JANE DOE I continued to shake her head "NO" and to verbalize "NO" as clearly as she could while she cried.

34. JANE DOE I's friend was woken up by the sound of JANE DOE I hyperventilating and crying, with her face pushed against the wall. She shouted, which caused DELP to stop the sexual act.

35. JANE DOE I and her friend rushed to gather their clothing and left the apartment hurriedly, causing JANE DOE I to leave behind her purse. JANE DOE I asked a mutual friend to retrieve her purse at a later time so that she did not have to interact with DELP.

36. Upon leaving DELP's residence, JANE DOE I learned that he assaulted her friend before her friend fell asleep.

### D. IU and IU BLOOMINGTON HEALTH's Failures to appropriately respond to Delp's Sexual Misconduct.

37. On November 12, 2022 JANE DOE I attempted to seek help and support as a result of DELP's sexual misconduct. She first turned to IU's resources.

38. November 12, 2022 was a Saturday. Accordingly, the IU Student Health Center was closed.

39. IU maintains a website at which provides[1]:

> **How to get medical help**
>
> We understand that seeking help when you have experienced sexual misconduct can seem frightening and overwhelming. You might not even be sure what you want to do. That's okay. You are still encouraged to seek medical help as soon as possible to check for injuries and collect evidence in case you do decide to pursue prosecution. There are several options to find medical care.
>
> IU Sexual Assault Crisis Services (SAS)  +
>
> Student Health Center  +
>
> IU Health Bloomington Hospital Emergency Department  −
>
> The emergency department at IU Health Bloomington Hospital is open 24 hours a day, 365 days a year to help you. Like the IU Health Center, the hospital has specially trained nurses, called Sexual Assault Nurse Examiners, available to make sure you get the right care and collect evidence for a sexual assault kit to help with any police investigations.
>
> IU Health Bloomington Hospital is located at 2651 E. Discovery Pkwy, Bloomington, IN 47408
>
> You can walk in 24 hours a day or call 812-353-5252 for more information.

---

[1] https://stopsexualviolence.iu.edu/help/bloomington/index.html

40. JANE DOE I went to the emergency department at IU HEALTH BLOOMINGTON to receive medical care and for a Sexual Assault Nurse Examination (SANE) with evidence collection.

41. JANE DOE I arrived to the ER at 1:27 p.m. on November 12, 2022. She was told there was not a SANE nurse available, and that she should return during the nightshift—after 7:00 p.m.—to receive her exam.

42. JANE DOE I opted instead to wait at IU HEALTH BLOOMINGTON for the SANE nurse to arrive. At 7:47 p.m. she was told that no SANE nurse was available, and she should return two days later, on Monday, November 14, 2022, for her exam.

43. IU HEALTH BLOOMINGTON did not report DELP's sexual misconduct against JANE DOE I to IU, IU Police Department, state police, or local police.

44. JANE DOE I was not made aware of the standards for timeliness of sexual assault examination, and was not provided with any instructions as to what she should or should not do related to forensic evidence collection.

45. JANE DOE I was not provided any resources, accommodations, or protections, related to being sexually assaulted.

**E. IU Decisionmakers Enacted and Observed a Policy of Deliberate Indifference to the Sexual Assault JANE DOE II Suffered in Violation of Title IX.**

46. IU was well aware of DELP's sexual propensities.

47. It was foreseeable that if DELP were allowed to remain enrolled as a student at IU Bloomington, he would sexually assault another female student.

48. In response to the actual notice of sexual assault by DELP in 2021, IU administrators with authority to take corrective measures showed deliberate indifference by taking

no responsive action. DELP continued to be enrolled at IU Bloomington and continued to have unfettered access to females on a campus that fostered sexual assault.

49. Despite the existence of IU's written policies related to Title IX protections and responding to allegations of sexual misconduct between students, IU failed to implement its own policies and address the assault, discrimination and harassment that occurred regularly on its campus in 2021 and 2022. IU's failure to implement its policies supports a reasonable inference that it either condoned such conduct or was deliberately indifferent to its occurrence.

50. Despite IU's actual knowledge of DELP's sexual misconduct in 2021, he was allowed to remain enrolled at IU, on the football team, and on campus where he raped, sexually assaulted, and battered JANE DOE I and at least one other female student in 2022. IU's disregard of DELP's prior misconduct and failure to take appropriate measures to stop or discipline him resulted in his misconduct perpetrated upon JANE DOE I.

51. DELP's sexual misconduct in 2021 and 2022 met IU's definition of sexual harassment and/or sexual assault in violation of its Sexual Misconduct Policy.

52. JANE DOE I has the right to attend school in an environment free from the sexual harassment and sexual assault she experienced at IU, which deprived her of educational opportunities and benefits.

**F. Aftermath of DELP's sexual misconduct.**

53. Following an investigation conducted by the Bloomington Police Department, DELP was charged with multiple felonies for his acts against JANE DOE II, including but not limited to, rape when victim has verbally or otherwise refused, rape when compelled by force or imminent threat of force, and sexual battery. Said cause number is 53C02-2305-F3-000399 in the Monroe County Circuit Court II.

9

54. As a result of the sexual assault by DELP, JANE DOE I has suffered and continues to suffer from physical, mental, and emotional trauma with permanent harmful economic and non-economic effects.

55. JOHN DOE I and JANE DOE II have suffered the loss of their child's services and consortium, emotional trauma, endured significant medical expenses, lost time and wages from taking their child and themselves to numerous medical and mental health appointments, incurred substantial legal expenses, and will continue to suffer such losses in the future.

## IV.    LEGAL ALLEGATIONS

### COUNT I – CLAIMS UNDER TITLE IX FOR DELIBERATE INDIFFERENCE

56. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if set forth herein.

57. This claim is brought pursuant to Title IX, 20 U.S.C. § 1681, et seq. (Title IX).

58. JANE DOE I had a right to not be subject to sexual discrimination, harassment, or abuse while she participated in IU's education program.

59. IU maintained a policy of deliberate indifference to reports, observations, and investigation findings of DELP's sexual assault, sex-based harassment, and discrimination on the basis of gender perpetrated against a student in 2021.

60. IU's policy of deliberate indifference created a heightened risk of sexual assault, sex-based harassment, and discrimination on the basis of gender to JANE DOE I and IU had actual knowledge of this heightened risk.

61. IU had knowledge that DELP had a history of sexual assault allegations and posed a danger to female students prior to his sexual assault of JANE DOE I.

62. IU officials and administrators had authority to institute corrective measures in response to the danger posed by DELP.

63. IU allowed DELP to continue to attend IU after receipt of actual notice of sexual assault by DELP in 2021.

64. IU allowed DELP to continue attending IU without instituting any corrective measures.

65. As a result of this gross failure to act, JANE DOE I was sexually assaulted by DELP.

66. As a direct result of IU's policy of deliberate indifference, JANE DOE I suffered sexual assault, sex-based harassment, and discrimination on the basis of gender that was so severe, pervasive, and objectively offensive that it can be said to have deprived her of access to IU's educational opportunities or benefits.

67. Plaintiffs are entitled to judgment against IU under Title IX for its pre-assault policy of deliberate indifference which subjected JANE DOE I to a heightened risk of becoming a victim of DELP's sexual assault, sex-based harassment, and discrimination on the basis of gender.

68. As a direct result and moving force behind the sexual assault, JANE DOE I has suffered severe and permanent psychological and physical injuries, mental anguish, pain and suffering, loss of enjoyment of life, and a loss of earning capacity.

69. The sexual assault of JANE DOE I was a direct result of the hostile environment maintained and perpetuated by IU and caused her to be deprived of access to educational opportunities and benefits provided by the school.

70. INDIANA UNIVERISTY's actions and inactions violate Title IX, 20 U.S.C. § 1681, et seq. (Title IX).

## COUNT II – CLAIMS UNDER TITLE IX FOR
## POST-ASSAULT DELIBERATE INDIFFERENCE

71. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if set forth herein.

72. This claim is brought pursuant to Title IX, 20 U.S.C. § 1681, et seq. (Title IX).

73. JANE DOE I had a right to not be subject to sexual discrimination, harassment, or abuse while she participated in IU's education program.

74. DELP's acts perpetrated against JANE DOE I constituted unlawful sexual assault, sex-based harassment and discrimination on the basis of gender.

75. IU had actual knowledge of DELP's sexual assault, sex-based harassment, and discrimination on the basis of gender of JANE DOE I.

76. IU acted with deliberate indifference to DELP's sexual assault, sex-based harassment, and discrimination on the basis of gender of JANE DOE I.

77. Plaintiffs are entitled to judgment against IU for its post-assault policy of deliberate indifference to DELP's sexual assault, sex-based harassment, and discrimination on the basis of gender of JANE DOE I.

78. The sexual assault of JANE DOE I was a direct result of the hostile environment maintained and perpetuated by IU and caused her to be deprived of access to educational opportunities and benefits provided by the school.

79. INDIANA UNIVERISTY's actions and inactions violate Title IX, 20 U.S.C. § 1681, et seq. (Title IX).

### COUNT III – NEGLIGENCE AND NEGLIGENCE PER SE

A. As to IU.

80. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if set forth herein.

81. At all relevant times, IU owed JANE DOE I common law and statutory duties of reasonable care and supervision of students attending the school, including JANE DOE I.

82. IU owed JANE DOE I a duty to protect her from the reasonably foreseeable actions of others.

83. IU breached these duties, including, but not limited to, as more particularly described below.

84. IU was aware of DELP's sexual propensities which created a danger to female students attending IU Bloomington, including JANE DOE I.

85. Despite their actual knowledge of the risk, IU failed to protect JANE DOE I from being sexually assaulted.

86. IU failed to take reasonable measures to prevent JANE DOE I from being subjected to sexual assault while she was a student attending IU Bloomington.

87. IU breached its duty to JANE DOE I by allowing DELP, who had been accused of sexual misconduct in 2021, to continue his enrollment at IU Bloomington and have access to female students.

88. As a result of IU's ignoring the prior allegation of sexual misconduct against DELP and allowing him to remain enrolled at IU Bloomington, DELP was able to sexually assault JANE DOE I.

89. As a direct and proximate result of the IU's negligence, Plaintiffs have sustained damages, specifically pain and suffering. Specifically, JANE DOE I suffered physical injuries and emotional and psychological distress and JOHN DOE and JANE DOE I suffered a loss of their daughter's services and affection.

90. IU knew or should have known that DELP was a threat to female students, including JANE DOE I.

91. IU's negligence caused JANE DOE I to be subject to sexual assault.

92. To the extent IU violated federal and state statutes and such statutory violations proximately caused or contributed to harm JANE DOE I, IU is liable for negligence *per se*.

93. IU's negligent acts and/or omissions caused JANE DOE I, personal injury and distress.

**B. As to IU HEALTH BLOOMINGTON.**

94. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if set forth herein.

95. At all relevant times, IU HEALTH BLOOMINGTON owed JANE DOE I common law and statutory duties of reasonable care in providing medical and other services.

96. IU HEALTH BLOOMINGTON breached these duties, including, but not limited to, as more particularly described below.

97. IU HEALTH BLOOMINGTON failed to provide JANE DOE I with medical and other care and services in compliance with the accepted standard of care.

98. IU HEALTH BLOOMINGTON breached its duty to JANE DOE I by failing to provide with medical and other care and services in compliance with the accepted standard of care.

99. As a direct and proximate result of IU HEALTH BLOOMINGTON's negligence, Plaintiffs have sustained damages, specifically pain and suffering. Specifically, JANE DOE I suffered physical injuries and emotional and psychological distress and JOHN DOE and JANE DOE II suffered a loss of their daughter's services and affection.

100. To the extent IU HEALTH BLOOMINGTON violated federal and state statutes and such statutory violations proximately caused or contributed to harm JANE DOE I, IU is liable for negligence *per se*.

101. IU HEALTH BLOOMINGTON's negligent acts and/or omissions caused Plaintiffs personal injury and distress.

C. **As to DELP.**

102. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if set forth herein.

103. DELP was negligent in on or more of the following ways:

   a. Sexually assaulting JANE DOE I; and/or

   b. Sexually harassing JANE DOE I.

104. DELP's negligent acts and/or omissions caused Plaintiffs personal injury and distress.

105. To the extent DELP violated federal and state statutes and such statutory violations proximately caused or contributed to harm JANE DOE I, DELP is liable for negligence *per se*.

**COUNT IV – BATTERY and ASSAULT**
**As to DELP**

106. Plaintiffs incorporate by reference all the above related paragraphs with the same force and effect as if set forth herein.

107. DELP intended to cause harmful and/or offensive contact with JANE DOE I, and an imminent apprehension of such contact, when he forced sex acts upon her against her will, and he directly harmed Plaintiffs as a result.

108. DELP acted with the intent to cause harmful and/or offensive contact with JANE DOE I when he forced sex acts upon her against her will, and caused her to reasonably fear that he would continue to perpetrate such acts upon her against her will.

109. DELP acted recklessly and/or with reckless disregard of the consequences when he when he forced sex acts upon her against her will.

110. DELP's sexual motivation and misconduct are considered aggravating conduct for the tort of battery against JANE DOE I.

111. JANE DOE I did not consent to DELP performing sex acts upon her.

112. DELP's force of sex acts upon JANE DOE I against her will would offend a person with a reasonable sense of personal dignity.

113. Nonconsensual contact of a sexual nature is inherently offensive.

114. DELP battered JANE DOE I.

115. DELP assaulted JANE DOE I.

116. As a direct and proximate result of DELP's battery and assault of JANE DOE I, Plaintiffs suffered and continues to suffer severe physical and emotional injuries, distress, and other injuries and damages for which they are entitled to be compensated.

## V. PROXIMATE CAUSE

117. Each and every, all and singular, of the foregoing acts and omissions, on the part of the Defendants, jointly and severally, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages of Plaintiffs, as set forth herein.

118. As a result of the Defendants' statutory violations, negligent acts and/or omissions, JANE DOE II has suffered severe and permanent injuries and impairment, including, but not limited to, medical and mental health treatment expenses, severe physical, emotional, and psychological pain and suffering, and will continue to suffer such damages in the future.

119. As a further direct and proximate result of the Defendants' statutory violations, negligent acts and/or omissions, Plaintiffs, JOHN DOE and JANE DOE II have suffered the loss of their child's services and consortium, emotional trauma, incurred significant medical and mental health expenses, incurred expenses, and will continue to suffer such losses in the future.

## VI. RESPONDEAT SUPERIOR

120. The Defendants are responsible for and as such ratified the acts, omissions and customs of all administrators, personnel, staff, contractors, and agents, in regard to services provided to and on behalf of Plaintiffs, pursuant to the theory of Respondeat Superior.

## VII. AGENCY

121. At and during the time of the acts and/or omissions complained of herein, any acts and/or omission committed by an agent, representative or employee of the Defendants occurred within the scope of the actual or apparent authority of such person on behalf of Defendants.

122. Said Defendants are therefore liable to Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## VIII. DAMAGES

123. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, jointly and severally, Plaintiffs were caused to suffer

greatly, and to endure injury, physical, emotional and psychological harm, pain, and illness resulting in damages.

## IX.   RELIEF REQUESTED

124. As a direct and proximate result of the occurrences made the basis of this lawsuit, Plaintiffs request the following relief:

　　a. Judgment in their favor against Defendants, jointly and severally;

　　b. Compensatory damages including but not limited to reasonable mental and physical health care expenses past present and future, mental anguish suffered past present and future, various out of pocket expenses related to curing the acts and omission of the Defendants, past, present and future;

　　c. Reasonable attorney fees pursuant to 29 U.S.C. § 794a(b) and 42 U.S.C. § 1988(b);

　　d. Costs of this action; and

　　e. All other relief reasonable in the premises.

## X.   PUNITIVE DAMAGES

125. The acts and omissions of the Defendants shock the conscious and satisfy the criteria for punitive damages.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　GARAU GERMANO, P.C.

　　　　　　　　　　　　　　　　　　　　/s/ Ashley N. Hadler
　　　　　　　　　　　　　　　　　　　　Ashley N. Hadler, #29939-49
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

GARAU GERMANO, P.C.
3710 Washington Boulevard
Indianapolis, Indiana 46205
(317) 822-9530 Phone
(317) 822-9531 Fax
ahadler@g-glawfirm.com

## **REQUEST FOR JURY TRIAL**

Plaintiffs, by counsel, hereby demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,

                                                  GARAU GERMANO, P.C.

                                                  /s/ Ashley N. Hadler
                                                  Ashley N. Hadler, #29939-49
                                                  Attorney for Plaintiffs

GARAU GERMANO, P.C.
3710 Washington Boulevard
Indianapolis, Indiana 46205
(317) 822-9530 Phone
(317) 822-9531 Fax
ahadler@g-glawfirm.com