UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, JOHN DOE, and <br> JANE DOE II, <br><br> Plaintiffs, <br><br> v. <br><br> INDIANA UNIVERSITY BLOOMINGTON, <br> THE TRUSTEES OF INDIANA <br> UNIVERSITY, INDIANA UNIVERSITY <br> HEALTH BLOOMINGTON, INC., and <br> CONNOR DELP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO.: 1:24-cv-01982-MPB-MG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO PROCEED UNDER PSEUDONYMS**

**I.   INTRODUCTION.**

The Does' request to proceed under pseudonyms may be granted under recent authority by the United States Court of Appeals for the Seventh Circuit because: Jane Doe I is a victim of a sex crime; Jane Doe I risks substantial harm if identified; and revealing her parents', Jane Doe II and John Doe, last name reveals her identity.[1] Defendant Delp's reputation is not harmed by Jane Doe I proceeding under pseudonym here, where the State of Indiana is pursuing criminal charges against him and Indiana University has found him responsible for sex crimes against her. This Court may exercise broad discretion in whether to require strict compliance with United States

---

[1] Only Defendant Delp has expressly opposed Jane Doe I's use of a pseudonym. *See,* [Dkt. 44; Dkt. 40]. Indiana University Bloomington and The Trustees of Indiana University have only opposed her parents' request. [Dkt. 40, p. 1-2]. Indiana University Health Bloomington, Inc. did not file a response.

District Court for the Southern District of Indiana Local Rule 10-1(a) here and excuse the procedural misstep where the Defendants have not been prejudiced.

## II.   ARGUMENT.

### A. Jane Doe I's status as a victim of Connor Delp's sex crime entitles her to anonymity and is the basis of this case.

As the parties have noted, in 2024, the United States Court of Appeals for the Seventh Circuit issued two opinions which are controlling and have led to further clarification of the circumstances under which crime victims and other plaintiffs may proceed anonymously in civil litigation. *See*, *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024); *Doe v. Loyola Univ. Chicago*, 100 F.4th 910 (7th Cir. 2024). The Defendants' responses focus on the former. However, the latter, *Loyola Univ. Chicago*, decided a month after *Trs. of Ind. Univ.*, expressly acknowledged that "[c]ourts often extend the protection of anonymity to victims of sex crimes." *Loyola Univ. Chicago*, 100 F.4th at 914 (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)).

Since then, the district courts in this circuit have **unanimously** found victims of sex crimes were entitled to proceed anonymously. *See, Doe v. S. Madison Cmty. Sch. Corp.*, 2024 U.S. Dist. LEXIS 185941 at *7 (S.D. Ind., Oct. 11, 2024) ("[t]he Court finds that [plaintiff's] status as an alleged sexual assault victim warrants addition privacy protections, such that the Court will allow her to proceed as requested under the pseudonym") (citing *Loyola Univ. Chicago,* 100 F. 4th at 914)); *Kane v. Loyola Univ. of Chicago,* 2024 U.S. Dist. LEXIS 216674 at *4 (N.D. Ill., Sept. 3, 2024) (Noting the extension of protection of anonymity to victims of sex crimes "on the grounds that such individuals are especially vulnerable" and "most district courts in this circuit have granted sexual assault victims' motions for leave to proceed anonymously.") (citing *Blue Cross*, 112 F.3d 872 and collecting cases at n.1); *Doe v. Karlos Soriano-Cabrera & Caviche, Inc.,* 2024

2

U.S. Dist. LEXIS 147377 (E.D. Wis., Aug. 19, 2024) (allowing sexual assault victim whose identity had been protected in an ongoing criminal proceeding to proceed anonymously).

No reported cases in the circuit have held that a victim of a sex crime is *not* entitled to proceed anonymously post-*Loyola Univ. Chicago* in May 2024. This is for good reason. As explained in *Kane v. Loyola Univ. Chicago*, sexual assault victims "have no choice in the harm they suffer." 2024 U.S. Dist. LEXIS 216674 at *4 (internal citation omitted). Further, "pseudonymity prevents a chilling effect that would deter similarly situated plaintiffs from bringing future lawsuits" and "[t]he public has a strong interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights." *Id.* (internal citations omitted). Jane Doe I had no choice in the harm inflicted upon her by Defendant Delp, and the public has a strong interest—as acknowledged by our Indiana legislature—in protecting the identities of sexual assault victims.

The Legislative Intent of Indiana Code Article 35, Section 40, the "Victim Rights Act" was "to protect rights of victims." Ind. Code § 35-40-1-1. In promulgating the Victim Rights Act, "the legislature recognize[d] that **many innocent persons suffer economic loss and personal injury . . . as a result of criminal or delinquent acts**" and enacted laws that "define[d], implement[ed], preserve[d], and protect[ed] the rights guaranteed to victims by Article 1, Section 13 of the Constitution of the State of Indiana." *Id*. Section 12 of the Act provides that a sex crime victim's name "shall" be omitted "in court documents open to the public." Ind. Code § 35-40-5-12.

In addition to Indiana Code § 35-40-5-12, Ind. Code §35-40.5 provides **additional** rights to Victims of Sexual Assault, like Jane Doe 1. Section 2 provides that "a victim continually retains all the rights under this article regardless of whether the victim . . . agrees to participate in any civil or criminal proceeding related to the alleged sexual assault." Ind. Code § 35-40.5-2-2 (2020).

3

Defendant Delp challenges the notion that the legislature expressly intended to preserve a sex crime victim's dignity by omitting their name from "court documents open to the public" or that the victim's "agree[ment] to participate in any civil proceeding related to the sexual assault"—by claiming Jane Doe I has "elected to eschew that protection" when she filed a civil complaint for damages she suffered as a result [Dkt. 44 at 10]. In support thereof, he relies on a 1996 case where a plaintiff, **who was not a crime victim**, sought to protect his identity in an employment discrimination case. *Id.; see, Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 141 (S.D. Ind. 1996).

Delp quotes *Ind. Black Expo* for the proposition that "[u]nlike the victim in a criminal case, [plaintiff] has not been caught up unwillingly in litigation in public courts but has instead chosen to initiate this action." [Dkt. 44 at 10, quoting 923 F. Supp at 141.] But *Ind. Black Expo* was not a civil case for damages suffered as a result of a crime by the defendant(s). Delp omits the next sentence which provides "[n]or does plaintiff claim that he is an unwilling victim of unlawful action by the government . . . [t]he fact that these are damages claims against private parties is not necessarily decisive in and of itself, but it takes this case outside the categories of cases in which courts have most often been willing to allow use of fictitious names." *Ind. Black Expo,* 923 F. Supp. At 141. Here, Jane Doe I **is the victim in a criminal case** and **was an unwilling victim of the Defendants' unlawful action**. She is precisely the type of plaintiff, and this is precisely the category of case, the *Ind. Black Expo* Court distinguished its non-crime victim plaintiff—who did not meet the burden for anonymity—from.

Jane Doe I's request to proceed under pseudonym is distinguishable because **her status as a victim of Defendant Delp's sex crime is the entire basis for her use of this public court**. The fact that these are damages claims arising from unlawful actions—which were contemplated by

4

the legislature when granting victim's anonymity—weighs in favor of Jane Doe I's request. A reading of *Ind. Black Expo* in context reveals the statement cited by Delp [Dkt. 44 at 10] was not meant to deny crime victims the right to remain anonymous in claims for damages suffered as a result of the crime—it was simply an acknowledgement that the plaintiff therein was not a crime victim at all.

### B. Jane Doe I risks substantial harm if identified.

First, the Defendants' focus on *Trs. of Ind. Univ.* requirement of retaliatory harm or harassment standard is moot if the Court finds Jane Doe I is entitled to proceed anonymously based on her status as a victim of a sex crime as authorized by *Loyola Univ. Chicago* and its progeny. The *Kane v. Loyola Univ. Chicago* Court, did just that, reasoning it was "not convinced that such evidence [of retaliatory harm or harassment] [wa]s required given the severity of the allegations of sexual assault and domestic violence at issue. *Id.* (citing, e.g., *Doe v. Purdue Univ.*, 2019 WL 3887165, at *3 (N.D. Ind., Aug. 19, 2019). This Court has discretion and grounds to do the same.

Even if this Court finds substantial harm or retaliation by third parties is required, Jane Doe I is at risk if identified. These events have been covered in the media—eliciting public comment—before and during the pendency of this case.[2] Having her identity tied to the case would subject

---

[2] https://indianapublicmedia.org/news/iu-and-iu-health-sued-over-alleged-rape-by-football-player-in-2022.php; https://indianapublicmedia.org/news/iu-health-asks-to-dismiss-or-pause-lawsuit-over-alleged-rape-and-treatment.php; https://www.idsnews.com/article/2024/11/iu-sued-ignoring-football-player-sexual-misconduct; https://www.wishtv.com/news/crime-watch-8/iu-football-player-arrested-on-rape-and-battery-charges/; https://www.iustv.com/article/2024/03/judge-denies-request-to-dismiss-rape-case-against-former-iu-football-player#google_vignette; https://www.idsnews.com/article/2024/11/iu-sued-ignoring-football-player-sexual-misconduct; https://indianapublicmedia.org/news/iu-health-asks-to-dismiss-or-pause-lawsuit-over-alleged-rape-and-treatment.php; https://www.idsnews.com/article/2021/11/indiana-football-withholds-freshman-player-team-activities-connor-delp-iu?fbclid=IwY2xjawH3fkFleHRuA2FlbQIxMAABHS2X1BRtK7tK47UzH-od6c6Ve3hvfKCOqDzXw9ZJ9s-0b_0XDQvyEqbUpQ_aem_QK_sJWOm7JesJUsPwInMfg; https://dailyjournal.net/2023/05/11/center-grove-alum-delp-charged-with-rape-at-iu/; https://fox59.com/news/indycrime/former-iu-football-player-charged-accused-of-rape/; https://www.heraldtimesonline.com/story/news/crime/2023/05/09/former-iu-football-player-connor-delp-

Jane Doe I to harm, having intimate details of a non-consensual sexual contact made public. Such a violation goes beyond mere embarrassment or humiliation. Jane Doe I has an interest in the public not knowing she is a victim of sexual assault at all—a right that was codified by the Indiana legislature.

**C. <u>Defendant Delp is not prejudiced by Plaintiffs proceeding anonymously.</u>**

Defendant Delp's assertions he will be prejudiced if Plaintiffs proceed anonymously because: (1) he cannot publicly defend himself [Dkt. 44 at 12]; (2) his reputation will be harmed [Id.]; and (3) he will not be able to identify third party witnesses [Dkt. 44 at 12-13] are easily refuted. First and foremost, the Victim Right's Act expressly recognized it was created to uphold the constitutional rights of the victim *without infringing upon those of the criminal defendant*. Ind. Code § 35-40-3-1. In doing so, it found victims shall not be named in public court records. *Id.* at Chapter 5, Section 12. Thus, Delp's contentions that he cannot publicly defend himself, will be prejudiced by virtue of him being named but not his victim, or that he will not effectively be able to identify witnesses fall flat.

Next, no Seventh Circuit appellate or district court, or Indiana appellate decision has held that a crime victim should be identified in civil actions for damages related to the crimes against him or her *because of harm to defendant's reputation or infringement upon his rights*, or that using a pseudonym as a crime victim would interfere with the public's right or ability to follow the civil

---

denies-sexual-assault-charges/70200138007/; https://www.si.com/college/indiana/football/indiana-football-suspends-connor-delp-indefinitely; https://www.thedailyhoosier.com/iu-punt-returner-connor-delp-suspended-indefinitely/; https://www.wthr.com/article/sports/ncaa/ncaaf/former-iu-football-player-charged-rape-connor-delp-indiana-university/531-3dde20de-91f4-4adf-94ba-b9e538d93872; https://indianapublicmedia.org/news/former-iu-football-player-charged-with-rape-battery.php; https://www.idsnews.com/article/2021/11/indiana-football-withholds-freshman-player-team-activities-connor-delp-iu; https://www.iustv.com/article/2024/03/judge-denies-request-to-dismiss-rape-case-against-former-iu-football-player

legal proceedings despite protection of the victim's identity in the criminal case. To the contrary, Does' risk of damage and injury if identified diverges sharply from any potential effect on the Defendant Delp if they remain anonymous. Delp contends that "the Plaintiffs' allegations that [he] sexually assaulted and harassed Jane Doe I is a personal attack on his reputation and credibility" [Dkt. 44 at 12], but that consideration is not at issue and is irrelevant to whether Plaintiffs should be allowed to use a pseudonym. S*ee, Trs. of Ind. Univ.,* 101 F.4th at 491-92 ("[e]very indicted defendant's name is open to the public, despite the reputational harm to a person who is presumed innocent . . . [s]omeone charged with a felony may be shunned or encounter trouble finding a job, but a court would not call that 'retaliation' that justifies anonymity . . . knowing that a potential student of employee has been charged with a crime legitimately justifies steps for self-protection.")

Accordingly, Delp's reputational harm and any related question of his credibility will stem from the criminal charges and administrative findings against him, to the extent they are deemed admissible, and will not be a result of the Does' anonymity.[3] Delp's assertions of prejudice related to the Does' proceeding under pseudonym do not weigh in favor of denying their request.

**D.  Identifying John Doe II and Jane Doe will identify Jane Doe.**

The Parent Plaintiffs' identities must be kept confidential to prevent Jane Doe I from being identified. Despite Defendant Delp's contention that it would be an "onerous, if not impossible, task" [Dkt.l 44 at 11] to conduct a search to identify her using the last name she shares with her parents, it would not. Typing the Does' last name and "Indiana University" into Google identifies Jane Doe I in the first result. Thus, identifying the Parent Plaintiffs necessarily identifies Jane Doe I.

---

[3] Delp's concern of how the Does' anonymity would be handled during trial is premature and not contemplated by the relevant legal framework at this juncture.

7

Next, the IU Defendants assert the cases cited by Plaintiffs allowing parents to proceed under pseudonym to protect a child's identity are distinguishable because the children in the cases were minors. [Dkt. 40 at 3-4]. However, the Court's reasoning therein applies here—identifying the parent necessarily identifies the child. *See*, *S. Madison Cmty. Sch. Corp.*, 2024 U.S. Dist. LEXIS 185941 at *3-4, 7 (internal citations omitted). While the basis for the entitlement of the child to anonymity in those cases was his or her minority, *among other factors*. In other words, minority was not the sole justification. Thus, none of the cases discussed by the parties have held that—where an **adult** child is entitled to anonymity—his or her parents are not. Parent Plaintiffs' claim is wholly derivative here. Without the sex crime against their child, they would have no need to use the public courts to seek recourse. Their adult child's status as a sexual assault victim is the basis of the case, and the basis for their request to conceal their own identities in order to protect hers.

E. **Defendants have not been prejudiced by the time of Plaintiffs' filing of their Motion to Proceed Under Pseudonym.**

Rule 10-1(a) of the Local Rules for the United States District Court for the Southern District of Indiana requires the filing of a Notice of intention to seek leave to proceed under pseudonym, and supporting documents, to be filed "at the time of filing his or her initial pleading." Here, Plaintiffs Complaint was filed on November 11, 2024, and their request to proceed under pseudonyms was filed December 20, 2024. *See,* [Dkt. 1; Dkt. 33-35]. The Court may exercise broad discretion in determining whether to require strict compliance with a local rule. *Parents v. Wabash River Special Servs. Coop.* 2023 U.S. Dist. LEXIS 160024, *4-5 (S.D. Ind., Sept. 11, 2023) citing, *Ammons v. Aramark*, 368 F.3d 809, 817 (7th Cir. 2004) and *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).

Courts in the Southern and Northern districts of Indiana have excused procedural

deficiencies related to their local rules regarding motions to proceed under pseudonym where Defendants' have not been prejudiced by the Plaintiffs' lack of compliance. *See*, *Wabash River*, 2023 U.S. Dist. LEXIS at *4-5 (citing *Doe v. Purdue Univ.*, 321 F.R.D. 339, 340 (N.D. Ind., May 31, 2017); *overruled on other grounds*). Here, the Defendants have not identified any prejudice from Plaintiffs' filing of the Motion to Proceed under pseudonym on December 20, 2024, rather than November 11, 2024. *See*, [Dkt. 44, pp. 3-4]; [Dkt. 44, p. 4, n.1]. Defendant Delp's counsel appeared on December 6, 2024 and December 16, 2024. [Dkt. 19; Dkt. 23]. This Court has granted Defendant Delp leave to file his responsive pleading contingent upon the outcome of this motion. [Dkt. 43.] Plaintiff agreed to Defendant Delp's request to do so. [Dkt. 41]. Counsel assigned to represent the IU Defendants appeared on December 18, 2024. [Dkt. 26]. The IU Defendants have been granted leave until January 24, 2025 to file a responsive pleading. [Dkt. 36]. The Plaintiffs agreed to this request as well. [Dkt. 30, p. 2, ¶ 6]. The Parties have been gracious with their agreements among counsel for necessary extensions of time in this matter. Given the timing of the appearances for Defendants, the extensions of time to file responsive pleadings, and the lack of any cited prejudice related to the date of filing of Plaintiffs' requests, this Court would be justified in exercising its discretion to decide this issue on the merits. *See*, *Wabash River Special Servs. Coop.* 2023 U.S. Dist. LEXISW 160024.

### III.   CONCLUSION.

Taking into consideration the applicable legal standard and the exceptional circumstances present here, protecting Jane Doe I's privacy considerations as a sex crime victim outweighs the general presumption of the openness of litigation in this case. Identifying John Doe and Jane Doe II will reveal Jane Doe I's identity. Proceeding under pseudonyms will not prejudice Defendants. There are no adequate less-restrictive alternatives

WHEREFORE, Plaintiffs, JANE DOE I, JOHN DOE and JANE DOE II, ("Plaintiffs"), by counsel, respectfully move this Court to allow to them to proceed in this litigation using pseudonyms.

Respectfully submitted,

GARAU GERMANO, P.C.

Ashley N. Hadler, #29939-49
3710 Washington Boulevard
Indianapolis, IN 46205
Telephone: (317) 822-9530
Fax: (317) 822-9531
ahadler@g-glawfirm.com
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I electronically filed the foregoing document using the Court's electronic filing system. A copy of this filing has been served through the Court's electronic filing system upon the following counsel of record:

| | |
|---|---|
| Alice M. Morical<br>Kristina A. Coleman<br>**Faegre Drinker Biddle & Reath, LLP**<br>300 N. Meridian Street, Suite 2500<br>Indianapolis, IN 46204<br>alice.morical@faegredrinker.com<br>kristina.coleman@faegredrinker.com<br>*Attorney for Defendants, Indiana University Bloomington and The Trustees of Indiana University* | Alyssa Stamatakos<br>David C. Jensen<br>**Eichhorn & Eichhorn, LLP**<br>2929 Carlson Drive, Suite 100<br>Hammond, IN 46323<br>astamatakos@eichhorn-law.com<br>djensen@eichhorn-law.com<br>*Attorneys for Defendant, Connor Delp* |
| James L. Whitlatch<br>Maryanne Pelic<br>Ryan M. Heeb<br>**BUNGER & ROBERTSON**<br>211 S. College Avenue<br>PO Box 910<br>Bloomington IN 47402-0910<br>jwhit@lawbr.com<br>mpelic@lawbr.com<br>rheeb@lawbr.com<br>*Attorneys for Defendant, Indiana University Health Bloomington, Inc.* | Robert D. Hawk<br>**Kopka Pinkus Dolin, PC**<br>9801 Connecticut Drive<br>Crown Point, IN 46307<br>RDHawk@kopkalaw.com<br>*Attorney for Defendant, Connor Delp* |

Ashley N. Hadler

Ashley N. Hadler, #29939-49
**GARAU GERMANO, P.C.**
3710 Washington Blvd.
Indianapolis, IN 46205
Telephone No.: (317) 822-9530
Fax No.: (317) 822-9531
ahadler@g-glawfirm.com
*Attorney for Plaintiffs*