UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, <br> JOHN DOE, <br> JANE DOE II, <br><br> Plaintiffs, <br><br> v. <br><br> INDIANA UNIVERSITY BLOOMINGTON, <br> THE TRUSTEES OF INDIANA UNIVERSITY, <br> INDIANA UNIVERSITY HEALTH <br> BLOOMINGTON, INC., <br> CONNOR DELP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:24-cv-01982-MPB-MG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

Plaintiffs ask this Court to allow their case to proceed under pseudonyms. [Filing No. 34.] Plaintiff Jane Doe I is joined by her parents (Jane Doe II and John Doe) in requesting pseudonymity. Defendants Indiana University Bloomington and The Trustees of Indiana University (collectively "IU"), and Defendant Delp separately object to Plaintiffs' continued pseudonymity. [Filing No. 40; Filing No. 44.] Defendant Indiana University Health Bloomington, Inc. ("IU Health") has not responded to the instant Motion but has since filed Motions to Dismiss Plaintiffs' Complaint and Amended Complaint. [*See* Filing No. 38; Filing No. 51.] For the following reasons, Plaintiffs' Motion to Proceed Under Pseudonym is **GRANTED**.

### I.
### LEGAL STANDARD

"The use of fictitious names is disfavored," and the Court "has an independent duty to determine whether exceptional circumstances justify such departure from the normal method" of conducting proceedings fully within the public view. *Doe v. Blue Cross & Blue Shield United of*

1

*Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit Court of Appeals has "afforded district judges discretion to permit pseudonymous litigation when the balance of harm justifies it." *Doe v. Trustees of Indiana University*, 101 F.4th 485, 492 (7th Cir. 2024). However, the moving party "ultimately bears the burden of proof to show that [the circumstances] outweigh[ ] the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion." *Doe v. Cook County, Ill.*, 542 F. Supp. 3d 779, 785 (N.D. Ill. 2021).

The Seventh Circuit Court of Appeals recently issued two opinions guiding this Court's analysis. *See Trustees of Ind. Univ.*, 101 F.4th at 485; *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024). These opinions make clear that the Court may permit a party to proceed anonymously only where "exceptional circumstances justify" doing so. *Loyola Univ.*, 100 F.4th at 913. Such circumstances include youth, a substantial risk of harm, and likelihood of improper retaliation. *Trustees of Ind. Univ.*, 101 F.4th at 491. Additionally, "[c]ourts often extend the protection of anonymity to victims of sex crimes." *Loyola Univ.*, 100 F.4th at 914 (citing *Blue Cross*, 112 F.3d at 872). Embarrassment or harm to reputation alone, however, does not justify anonymous litigation. *Trustees of Ind. Univ.*, 101 F.4th at 491-92. This Court must now determine whether exceptional circumstances exist in the case.

## II.
### BACKGROUND

Plaintiffs filed their Complaint seeking redress for harms suffered due to an alleged sexual assault by Defendant Delp against Jane Doe I. [*See* Filing No. 1.] Plaintiffs have since amended their complaint. [*See* Filing No. 48.] Plaintiffs' claims challenge, in part, IU Health's alleged failure to provide reasonable medical care, and IU's alleged deliberate indifference of the alleged sexual assault, harassment, and discrimination, as well as its alleged breach in providing reasonable care, supervision, and protection from foreseeable actions of others (namely taking reasonable measures

2

to prevent Jane Doe I from being subjected to sexual assault). Jane Doe II and John Doe join, alleging loss of their child's services and consortium, emotional trauma, and incurred (and will continue to incur) significant medical and mental health expenses.[1]

The Court notes multiple scrivener's errors in Plaintiffs' Amended Complaint, where Plaintiffs have referred incorrectly to "Jane Doe II" rather than "Jane Doe I":

- IU Decisionmakers Enacted and Observed a Policy of Deliberate Indifference to the Sexual Assault **JANE DOE II** Suffered in Violation of Title IX. [Filing No. 48 at 8.]

- […] DELP was charged with multiple felonies for his acts against **JANE DOE II**, […]. [Filing No. 48 at 9.]

- As a result of the Defendants' statutory violations, negligent acts and/or omissions, **JANE DOE II** has suffered severe and permanent injuries and impairment, […]. [Filing No. 48 at 17.]

The Court will not require Plaintiffs to refile their complaint at this time. The parties are reminded to be thorough when reviewing future filings.

### III.
### DISCUSSION

To begin, "[o]nly exceptional circumstances justify the use of a fictitious name for an adult." *Loyola Univ.*, 100 F.4th at 913. Applying that standard, the Court must determine whether these Plaintiffs may continue to deviate from the norm and proceed under pseudonyms. That is, Plaintiffs must demonstrate extraordinary circumstances.

Jane Doe I first argues that should her name be revealed, she would be at substantial risk of incurring harm and retaliation due to Defendant Delp's history of being accused of sexual assault (and being charged with multiple felonies for his alleged acts against Jane Doe I). [Filing No. 35 at 3.] She further argues that his status as a former IU football player has the potential to draw

---

[1] The relevant procedural history has been substantially detailed in Plaintiff's Complaint, [Filing No. 1]. As such, this history need not be repeated here in full.

3

media attention and public comment. [Filing No. 35 at 3.] Jane Doe I says that a no contact order was issued by the Monroe County Circuit Court II (*see* criminal cause number 53C02-2305-F3-000399). [Filing No. 35 at 3.] Jane Doe I goes on to say that because she is a victim of a sex crime, and due to the facts and circumstances of this case, this Court should extend the protection of anonymity. [Filing No. 35 at 4.] She argues that she detailed intimate information within the complaint and providing details of the alleged sexual assault is one example of highly intimate information. Further, she argues that Indiana Code § 35-40-5-12 (2023), which provides a rape victim the right to be identified by a pseudonym in criminal proceedings, weighs in favor of her pseudonymity here, because her identity has already been deemed confidential in the ongoing criminal proceeding. [Filing No. 35 at 5.]

Defendants IU and Delp counter that Plaintiffs have failed to demonstrate that (1) Jane Doe I is at risk of physical harm and retaliation should her identity be revealed and (2) Jane Doe I's allegations of sexual assault, standing alone, do not justify anonymity. [Filing No. 40 at 5-8; Filing No. 44 at 6-11.]

In reply, Jane Doe I reiterates the risk of harm and retaliation she would allegedly suffer should her name be revealed. [Filing No. 47 at 5-6.] She contends that her status as a victim of a sex crime entitles her to anonymity and is the type of plaintiff who meets the burden for anonymity in a civil proceeding. [Filing No. 47 at 3-4.] Jane Doe I goes on to argue that Mr. Delp will not be prejudiced, as his "reputational harm and any related question of his credibility will stem from the criminal charges and administrative filings against him, […] and will not be a result of Plaintiffs' anonymity." [Filing No. 47 at 7.] Lastly, she argues that Defendants have not been prejudiced by the timing of her request to proceed under pseudonym, as the parties have agreed to necessary extensions of time in this matter to file responsive pleadings. [Filing No. 47 at 8-9.]

Jane Doe I contends that should the Court find her entitled to proceed under pseudonymity

based on her status as a victim of a sex crime, the requirement of retaliatory harm or harassment is moot. However, she argues that even if this Court finds harm and retaliation required, the disclosure of her name would cause her substantial risk of harm and retaliation. [Filing No. 35 at 4; Filing No. 47 at 5.] She argues that having the intimate details of her complaint (alleging non-consensual sexual contact) made public would go beyond mere embarrassment or humiliation. [Filing No. 47 at 6.]

The Seventh Circuit has recently said that a litigant may be justified to proceed under a pseudonym when they face a *substantial* risk of harm—either physical harm or retaliation by third parties. *Trustees of Ind. Univ*, 101 F.4th at 491 (emphasis added). When considering whether a substantial risk of retaliatory harm exists, courts have considered (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fear; and (3) the anonymous party's vulnerability to such retaliation. *Cook Cnty*., 542 F.Supp.3d at 785 (citing *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000)).

The Court notes that Jane Doe I does not identify any individuals who may seek to inflict physical harm or retaliation other than Mr. Delp, but claims further media attention and public comment will follow her identification. However, Plaintiffs' Amended Complaint alleges that Jane Doe I was sexually assaulted by Defendant Delp in 2022. [Filing No. 38 at 5-7.] And while the Court does not find that being allowed to proceed under pseudonym in an active criminal matter for the alleged sexual assault is sufficient on its own, the sensitive and personal nature of Jane Doe I's allegations weighs strongly in favor of pseudonymity. Her allegation that she was a victim of sexual assault necessarily involves the disclosure of information of the utmost intimacy. *Doe v. Purdue Univ.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017) (citing *John Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016)). "Courts often extend the protection of anonymity to victims of sex crimes" on the grounds that these individuals are particularly vulnerable. *See Loyola Univ.*, 100 F.4th at 914

(citing *Blue Cross*, 112 F.3d at 872).[2] And "[u]nlike litigants who object to disclosure of their own 'immoral or irresponsible conduct,' victims of sexual assault have no choice in the harm they suffer." *Kane v. Loyola Univ. of Chicago*, 2024 WL 4907100 (N.D. Ill. Sept. 3, 2024) (citing *Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998)). In this specific case, the Court finds that Jane Doe I's status as an alleged sexual assault victim warrants privacy protections, such that the Court will allow her to proceed as requested under the pseudonym "Jane Doe I." For these reasons, Jane Doe I's motion to proceed under a pseudonym is **GRANTED**.

The only remaining question is whether Jane Doe II and John Doe, Jane Doe I's parents, should also be allowed to proceed anonymously. Jane Doe II and John Doe argue that revealing their names would identify Jane Doe I. They argue that the ease of tying Jane Doe I's identity to the proceeding is too great if either are identified, and less restrictive alternatives cannot adequately protect her privacy interests. [Filing No. 35 at 5-6.] Defendants conclude that Jane Doe II and John Doe are not entitled to anonymity, and Mr. Delp would be prejudiced by allowing Plaintiffs to proceed anonymously. [Filing No. 40 at 2-4; Filing No. 44 at 11-15.] In reply, Jane Doe I argues that her parents' identities must be kept confidential, pointing out that a simple Google search of "Indiana University" and their last name identifies Jane Doe I in the first result. [Filing No. 47 at 7.]

In some circumstances, courts have allowed adult litigants to proceed anonymously to protect the identity of minor children. *See, e.g.*, *Doe v. Elmbrook School Dist.*, 658 F.3d 710, 721-

---

[2] Federal cases are split on whether allegations of sexual assault victimization alone are sufficient to justify pseudonymity. *See* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1409 (2022) (collecting cases). Based on Seventh Circuit's *dicta* in *Blue Cross*, 112 F.3d at 872, most district courts in this Circuit have granted sexual assault victims' motions for leave to proceed anonymously. *See, e.g.*, *Doe v. Sproul*, 2022 WL 579488, at *2 (S.D. Ill. Feb. 24, 2022) (granting leave to proceed anonymously); *Doe v. Purdue Univ.*, 2019 WL 3887165, at *4 (N.D. Ind. Aug. 19, 2019); *Doe v. Marvel*, 2010 WL 5099346, at *3 (S.D. Ind. Dec. 8, 2010); *Doe No. 62 v. Ind. Univ. Bloomington*, 2016 WL 11553229, at *2 (S.D. Ind. Aug. 26, 2016) (same); *but see Cook Cnty.*, 542 F. Supp. 3d at 783 (denying leave); *Doe v. Hamilton Cnty. Coal, LLC*, 2020 WL 2042899, at *1–2 (S.D. Ill. Apr. 28, 2020) (same).

24 (7th Cir. 2011) adopted on this issue by *Doe v. Elmbrook School Dist.*, 687 F.3d 840, 842-43 (7th Cir. 2012) (en banc) (allowing minor plaintiffs and adult plaintiffs to proceed under pseudonyms where the minors faced a risk of retaliation or harassment for bringing a claim against the school district). Here, unlike those cases where a minor child is involved, Jane Doe I was eighteen years old at the time of the alleged sexual assault and is currently twenty years old. In this specific case, however, the Court finds that allowing Jane Doe II and John Doe to proceed under pseudonym is necessary to protect the privacy interests of their daughter, Jane Doe I, who is alleged to be a sexual assault victim. If Jane Doe II or John Doe were to proceed with their legal names in this lawsuit, the identity of Jane Doe I could be easily discovered. For these reasons, Jane Doe II and John Doe's motion to proceed under a pseudonym is also **GRANTED.**

## IV.
### CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion to Proceed Under Pseudonyms, [34], is **GRANTED**. The Court will allow the Plaintiffs in this lawsuit to proceed as "Jane Doe I," "Jane Doe II," and "John Doe."

Date: 3/10/2025

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**