UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, JOHN DOE, and JANE DOE II, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO.: 1:24-cv-01982-MPB-MG ) |
| INDIANA UNIVERSITY BLOOMINGTON, THE TRUSTEES OF INDIANA UNIVERSITY, ANONYMOUS HOSPITAL, and CONNOR DELP, | ) ) ) ) ) |
| Defendants. | ) |

## CASE MANAGEMENT PLAN

**I.     Parties and Representatives**

    A.    Plaintiffs:    Jane Doe I, John Doe, and Jane Doe II

           Defendants:    Indiana University Bloomington, The Trustees of Indiana University, Anonymous Hospital, and Connor Delp

    B.    Plaintiffs' Counsel:    Ashley N. Hadler
**Garau Germano, P.C.**
3710 Washington Boulevard
Indianapolis, IN 46205
(317) 822-9530
ahadler@g-glawfirm.com

           Counsel for Indiana University Bloomington and The Trustees of Indiana University

Alice M. Morical
Kristina A. Coleman
**Faegre Drinker Biddle & Reath, LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
(317) 237-0300
alice.morical@faegredrinker.com
kristina.coleman@faegredrinker.com

|  |  |
|---|---|
| Counsel for Anonymous Hospital | James L. Whitlatch<br>Maryanne Pelic<br>Ryan M. Heeb<br>**Bunger & Robertson**<br>211 S. College Avenue<br>PO Box 910<br>Bloomington IN 47402-0910<br>(812) 332-9295<br>jwhit@lawbr.com<br>mpelic@lawbr.com<br>rheeb@lawbr.com |
| Counsel for Connor Delp | David C. Jensen<br>Alyssa Stamatakos<br>**Eichhorn & Eichhorn, LLP**<br>2929 Carlson Drive, Suite 100<br>Hammond, IN 46323<br>(219) 931-0560<br>djensen@eichhorn-law.com<br>astamatakos@eichhorn-law.com<br><br>and<br><br>Robert D. Hawk<br>**Kopka Pinkus Dolin, PC**<br>9801 Connecticut Drive<br>Crown Point, IN 46307<br>(219) 794-1888<br>RDHawk@kopkalaw.com |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

    A.    Plaintiffs invoke this Court's federal question and diversity jurisdiction under 28 U.S.C. § 1331, § 1332, and § 1343, as well as this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Specifically, Plaintiffs have alleged: (i) the federal claims arise under the Constitution and statutes of the United States, specifically, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; (ii) the parties are residents of different states and the amount in controversy exceeds $75,000.00, and (iii) the state law claims are so closely related to the federal law claim as to form the same case or controversy under Article III of the United States Constitution.

    B.    Plaintiffs claim the Defendants violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), stemming from their failures to prevent and respond to

instances of sexual assault, sex-based harassment, and discrimination on the basis of gender Jane Doe I experienced while attending IU Bloomington in November 2022. Plaintiffs assert state common law claims based on the same conduct. As a result of the Defendants' statutory violations and tortious conduct, Plaintiff, Jane Doe I has suffered severe and permanent injuries and impairment, including, but not limited to, medical and mental health treatment expenses, severe physical, emotional, and psychological pain and suffering, and will continue to suffer such damages in the future. As a further direct and proximate result of the Defendants' statutory violations, negligent acts and/or omissions, Plaintiffs, John Doe and Jane Doe II have suffered the loss of their child's services and consortium, emotional trauma, incurred significant medical and mental health expenses, incurred expenses, and will continue to suffer such losses in the future.

C.  Defendant Conner Delp ["Delp"] denies that there was any nonconsensual sexual conduct. Delp also asserts that the First Amended Complaint fails to state a claim for relief as to Plaintiffs, John Doe and Jane Doe II.

Indiana University Bloomington and the Trustees of Indiana University (collectively, "IU") deny Plaintiffs' allegations. IU also asserts that Plaintiffs' claims against IU should be dismissed in their entirety on the basis that: (1) Jane Doe I fails to state a claim for violations of Title IX both pre- and post-assault as she fails to demonstrate actual notice or deliberate indifference, (2) John Doe and Jane Doe II ("Parent Plaintiffs") fail to state a claim for relief under Title IX, (3) IU owed Plaintiffs no duty, as required for Plaintiffs' negligence claims, (4) IU is entitled to immunity under the Eleventh Amendment of the U.S. Constitution, and (5) Parent Plaintiffs' derivative claims fail with Jane Doe I's claims.

Anonymous Hospital denies the allegations made against it by the Plaintiffs and contends that it met the applicable standard of care. It also asserts the Plaintiffs' claims should be dismissed without prejudice due to the Plaintiffs failure to comply with the requirements of I.C. 34-18-8-7 and because a medical review panel has not issued its opinion on Jane Doe's proposed complaint. Further, Anonymous Hospital contends the Plaintiffs have not sustained compensable damages proximately caused by any action or omission by Anonymous Hospital and that the Parent Plaintiffs' derivative claims fail with Jane Doe I's claims.

### III.  Pretrial Pleadings and Disclosures[1]

---

[1] The subsequent deadlines do not apply to Anonymous Hospital pursuant to I.C. § 34-18-8-7. Anonymous Hospital shall not be required to submit any pleadings or tender any disclosures in this matter until a medical review panel has issued its opinion. Anonymous Hospital shall also not be prejudiced by the fact it has not filed or responded to

A. The parties, with the exception of Anonymous Hospital, shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **May 30, 2025.**

B. Plaintiff shall file preliminary witness and exhibit lists on or before **June 6, 2025**.

C. Defendants, with the exception of Anonymous Hospital, shall file preliminary witness and exhibit lists on or before **June 13, 2025.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 29, 2026**.

E. Plaintiff shall serve Defendant, (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **June 30, 2025.** Defendants, with the exception of Anonymous Hospital, shall serve on the Plaintiffs (but not file with the Court) a response thereto within **30 days after** receipt of the proposal. Counsel to copy the magistrate judge's chambers with demands and responses (JudgeGarciaChambers@insd.uscourts.gov).

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 29, 2027.** Defendant(s), with the exception of Anonymous Hospital, shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **30 days after** Plaintiff serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant, with the exception of Anonymous Hospital, shall make its expert disclosure on or before **March 1, 2027.**

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days prior** to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **120 days prior to the proposed trial date.** Any party who wishes to preclude expert witness testimony at the summary judgment stage

---

any pleading in this matter unless the issue to be addressed by the Court is one which falls within the parameters of I.C. § 34-18-8-7.

    shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties, with the exception of Anonymous Hospital, shall file and serve their final witness and exhibit lists on or before **April 27, 2027.** This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    <u>Discovery of electronically stored information ("ESI")</u>.

    The parties have agreed disclosure or discovery of electronically stored information should be handled as follows:

    The parties anticipate exchanging electronic versions of medical records, medical billing/liens, and associated metadata, including but not limited to cell phone data and social media data. The parties anticipate that ESI will be exchanged in PDF, JPEG, TIFF, and/or native format. The parties also anticipate exchanging various electronic data maintained by the parties or that may be received from non-parties to this litigation. The parties shall be responsible for taking reasonable steps to retrieve readily available electronic data that otherwise falls within the scope of discovery requests served upon the parties. The parties are to produce requested data in its native electronic format if possible.

    In the event that a document is protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[2] and Dispositive Motions[3]

A. The parties believe that this case may be appropriate for summary judgment or another dispositive motion. Plaintiff anticipates the possibility of filing a motion for partial summary judgment on liability issues, including negligence and proximate cause and/or to establish vicarious liability for agents. Delp plans to file a Motion to Dismiss the claims of John Doe and Jane Doe II on the basis that they have no claim for relief. If this Motion is denied, Delp will file a Motion for Summary Judgment on the claims of John Doe and Jane Doe II. IU plans to file a motion to dismiss on the basis outlined in Section II.C. In the event IU's motion to dismiss is denied, IU plans to file a motion for summary judgment on the basis that the undisputed material facts will show that (1) IU did not act with deliberate indifference in its handling of the 2021 allegations against Mr. Delp nor did IU act with "post-assault deliberate indifference" in relation to the 2022 allegations Jane Doe I asserts against Mr. Delp, (2) John Doe and Jane Doe II ("Parent Plaintiffs") cannot seek relief under Title IX, (3) IU owed Plaintiffs no duty, as required for Plaintiffs' negligence claims, (4) IU is entitled to immunity under the Eleventh Amendment of the U.S. Constitution, and (5) Parent Plaintiffs' derivative claims fail with Jane Doe I's claims. Anonymous Hospital anticipates that it will file a motion for summary judgment in the event its pending motion to dismiss is denied. The motion for summary judgment will likely not be ripe until the medical review panel has issued its opinion. Anonymous Hospital anticipates that the evidence will show that Anonymous Hospital met the applicable standard of care and that the Plaintiffs cannot proceed with the suit against Anonymous Hospital without obtaining an opinion of an expert witness, that the Plaintiffs did not sustain any damages, and that the Parent Plaintiffs' Derivative claims fail with Jane Doe I's claims among other yet to be determined arguments.

B. On or before **seven days after the non-expert discovery deadline**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Track 4: The parties are unable to provide a good faith estimate for the deadline to file dispositive motions and complete non-expert discovery in this matter due to a

---

[2] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

[3] The subsequent deadlines do not apply to Anonymous Hospital pursuant to I.C. § 34-18-8-7. Anonymous Hospital shall not be required to submit any pleadings or tender any disclosures in this matter until a medical review panel has issued its opinion. Anonymous Hospital shall also not be prejudiced by the fact it has not filed or responded to any pleading in this matter unless the issue to be addressed by the Court is one which falls within the parameters of I.C. § 34-18-8-7.

special circumstance. Specifically, there are two related proceedings to this litigation pending in other venues. First, there is a companion proceeding pending in the Indiana Department of Insurance against Anonymous Hospital because of its status as a qualified healthcare provider under the Indiana Medical Malpractice Act. Plaintiff anticipates filing a motion to amend the complaint seeking leave to identify Anonymous Hospital in this action after the completion of the medical review panel administrative proceeding as contemplated by Indiana law. This process generally takes between 18-24 months.  Next, there is a criminal case filed against Defendant, Connor Delp based on the events underlying this lawsuit. The case is currently not set for trial. The parties respectfully request for this deadline to remain undetermined at this time, with periodic status updates to be provided on the companion proceeding.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.     **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference approximately one month prior to the dispositive motion deadline.**

VI.    **Trial Date**

The parties are unable to determine the timeframe for a reasonable trial date in good faith at this time, due to the necessity of adding additional defendants to this action after the completion of the medical review panel proceeding.

VII.   **Referral to Magistrate Judge**

**Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

VIII.  **Required Pre-Trial Preparation[4]**

---

[4] The subsequent deadlines do not apply to Anonymous Hospital pursuant to I.C. § 34-18-8-7. Anonymous Hospital shall not be required to submit any pleadings or tender any disclosures in this matter until a medical review panel has issued its opinion. Anonymous Hospital shall also not be prejudiced by the fact it has not filed or responded to

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

---

any pleading in this matter unless the issue to be addressed by the Court is one which falls within the parameters of I.C. § 34-18-8-7.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

The parties are prepared to discuss the special circumstances of this matter with the Court at the June 18, 2025 Telephonic Status Conference.

Respectfully submitted,

<u>/s/ Ashley N. Hadler</u>
Ashley N. Hadler, #29939-49
**GARAU GERMANO, P.C.**
3710 Washington Boulevard
Indianapolis, IN 46205
(317) 822-9530
ahadler@g-glawfirm.com
*Attorney for Plaintiffs*


<u>/s/ Kristina A. Coleman</u>
Alice M. Morical
Kristina A. Coleman

9

**FAEGRE DRINKER BIDDLE & REATH, LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
(317) 237-0300
alice.morical@faegredrinker.com
kristina.coleman@faegredrinker.com
*Attorneys for Indiana University Bloomington and The Trustees of Indiana University*

/s/ Ryan M. Heeb
James L. Whitlatch
Maryanne Pelic
Ryan M. Heeb
**BUNGER & ROBERTSON**
211 S. College Avenue
PO Box 910
Bloomington IN 47402-0910
(812) 332-9295
jwhit@lawbr.com
mpelic@lawbr.com
rheeb@lawbr.com
*Attorneys for Anonymous Hospital*

/s/ Alyssa Stamatakos
David C. Jensen
Alyssa Stamatakos
**EICHHORN & EICHHORN, LLP**
2929 Carlson Drive, Suite 100
Hammond, IN 46323
(219) 931-0560
djensen@eichhorn-law.com
astamatakos@eichhorn-law.com

and

/s/ Robert D. Hawk, Jr.
Robert D. Hawk, Jr.
**KOPKA PINKUS DOLIN, PC**
9801 Connecticut Drive
Crown Point, IN 46307
(219) 794-1888
RDHawk@kopkalaw.com
*Attorneys for Connor Delp*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
|   | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY  12/1/2026 |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN  1/29/2027 |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 4/8/2025

*[Signature]*

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record