UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, <br> JOHN DOE, <br> JANE DOE II, <br><br> Plaintiffs, <br><br> v. <br><br> INDIANA UNIVERSITY BLOOMINGTON, <br> THE TRUSTEES OF INDIANA UNIVERSITY, <br> ANONYMOUS HOSPITAL, <br> CONNOR DELP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:24-cv-01982-MPB-MG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING PLAINTIFFS' MOTION TO CONVERT MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jane Doe I ("Doe") and Defendant Connor Delp were students at Indiana University Bloomington in 2022 when, according to Doe, Delp sexually assaulted her in his apartment. Doe, along with her mother, Jane Doe II, and father, John Doe, sued Indiana University Bloomington ("IU"), the Trustees of Indiana University ("Trustees"), an Anonymous Hospital at which she says she sought treatment, and Delp, her alleged attacker. Plaintiffs allege that IU and the Trustees violated Doe's right to be free from sex discrimination under Title IX, 20 U.S.C. § 1681, and that IU, the Trustees, the Hospital, and Delp committed negligent acts that harmed them. After a few rounds of amendments, Plaintiffs filed their Third Amended Complaint, (Docket No. 113), and Defendants IU and the Trustees moved to dismiss it, (Docket No. 120). Plaintiffs did not respond to Defendants' Motion to Dismiss. Instead, Plaintiffs moved to convert the Motion to Dismiss to a motion for summary judgment on the grounds that

Defendants attached documents that are "outside the pleadings." Fed. R. Civ. P. 12(d). For the following reasons, Plaintiffs' Motion to Convert, (Docket No. 127), is **DENIED**.

I.     Discussion

When "matters outside the pleadings" are attached to a motion to dismiss, the Court must either exclude them or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). But documents that are "central" to the plaintiff's claims and referenced in the complaint are not outside the pleadings, they are part of them. *Hirata Corp. v. J.B. Oxford & Co.*, 193 F.R.D. 589, 592–93 (S.D. Ind. 2000). The Court may consider these documents, as well as facts subject to judicial notice, without converting the motion to dismiss to one for summary judgment. *Id.*; *Carter v. Sturgeon*, 643 F. Supp. 3d 862, 864–65 (N.D. Ind. 2022).

Plaintiffs object to each of the five documents Defendants attached to their Motion to Dismiss: (1) a redline comparison of Plaintiffs' Second and Third Amended Complaints ("Redline"); (2) IU's Discrimination, Harassment, and Sexual Misconduct Policy ("Policy"); (3) a letter from IU detailing the sexual misconduct hearing panel's conclusion that Delp did not violate IU's sexual misconduct policy at a 2021 fraternity party ("2021 Outcome Letter"); (4) a declaration from IU Senior Associate Dean of Students Elizabeth Spotts authenticating the 2021 Outcome Letter ("Spotts Declaration"); and (5) a purported screenshot of Doe's LinkedIn page. (Docket Nos. 120-3; 120-4; 122; 121). The Court considers each in turn to determine which may be considered and which must be excluded.

The Redline, (Docket No. 120-3), need not be excluded. It visually illustrates the differences between Plaintiffs' Second and Third Amended Complaints, and Defendants cite it only for the point that the latter does not differ much from the former. (Docket Nos. 125 at ECF p. 4 n.4; 131 at ECF p. 11). The Court sees no reason to exclude the Redline because it has no

bearing on whether dismissal is appropriate. *E.g.*, *Greer v. Advanced Equities, Inc.*, 683 F. Supp. 2d 761, 777–78 (N.D. Ill. 2010). Regardless, the Court would not err if it considered the Redline—the Court could take judicial notice of it. Fed. R. Evid. 201. "[T]he contents of court records are quintessential subjects of judicial notice." *In re Caterpillar Inc.*, No. 1:13-cv-1104, 2016 WL 5660370, at *11 (C.D. Ill. Sept. 29, 2016).

As for the Policy, (Docket No. 120-4), the Court will take judicial notice of it because it is publicly accessible on IU's website. *Cesca v. W. Ill. Univ. Bd. of Trs.*, No. 4:23-cv-4043, 2024 WL 152812, at *1–2 & n.1 (C.D. Ill. Jan. 15, 2024); *Patterson v. Respondus, Inc.*, No. 20 C 7692, 2022 WL 7100547, at *8 & n.12 (N.D. Ill. Oct. 11, 2022). IU attached a PDF of the Policy. (Docket No. 120-4). It is also accessible at the following URL: https://policies.iu.edu/policies/ua-03-discrimination-harassment-and-sexual-misconduct/archived-11012021-04232024.html. The Policy says it was effective from March 1, 2015, to November 1, 2021, when it was updated, s*ee id.*; (Docket No. 120-4 at ECF pp. 2, 45), so this was the governing Policy when Delp allegedly assaulted a female student at an October 2021 party.

The 2021 Outcome Letter, (Docket No. 122), however, must be excluded. It is not central to Plaintiffs' pre-assault Title IX claim, as the Court previously ruled. (Docket No. 104 at ECF pp. 5–6). The Outcome Letter is just one piece of information about the 2021 incident. It does not "lie[] at the heart" Plaintiff's pre-assault claim. *Gillis v. Meisner*, 525 F. App'x 506, 509 (7th Cir. 2013). And Defendants' inclusion of the Spotts Declaration to authenticate the Outcome Letter implies that it is not "concededly authentic," as it must be. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). The 2021 Outcome Letter is excluded. So too is the Spotts Declaration, (Docket No. 122), for it is neither referenced in Plaintiffs' Third Amended Complaint nor central to any of their claims.

The LinkedIn profile that Defendants represent as Doe's, (Docket No. 121), must be excluded also. Defendants included the Profile to establish the "fact" that Doe was not a student at IU in 2021, but this "fact" cannot be accurately determined from the profile itself. Fed. R. Evid. 201(b). The Court has no way of determining whether the person depicted and named in the profile is Doe, or whether the biographical facts in the profile (if it is Doe's) are true. The Court may not take judicial notice of the Profile. *Zemlick v. Burkhart*, No. 1:22-cv-2319, 2023 WL 11939560, at *3 (S.D. Ind. Aug. 1, 2023). It is excluded.

## II.     Conclusion

Plaintiffs' Motion to Convert, (Docket No. 127), is **DENIED**. The Court **EXCLUDES** the 2021 Outcome Letter, Spotts Declaration, and LinkedIn Profile. (Docket Nos. 122; 121); Fed. R. Civ. P. 12(d). The Court will not consider these documents when it rules on Defendants' Motion to Dismiss.

Plaintiffs shall have **twenty-one days from the date of this Order** to respond to Defendants' Motion to Dismiss, and Defendants shall have **seven days from the date on which Plaintiffs respond** to reply.

**IT IS SO ORDERED**.

Date:   01/09/2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana