UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE I, <br> JOHN DOE, <br> JANE DOE II, <br><br> Plaintiffs, <br><br> v. <br><br> INDIANA UNIVERSITY BLOOMINGTON, <br> THE TRUSTEES OF INDIANA UNIVERSITY, <br> ANONYMOUS HOSPITAL, <br> CONNOR DELP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:24-cv-01982-MPB-MG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER TO SHOW CAUSE**

Plaintiffs have brought two Title IX claims and one state-law negligence claim against Defendants Indiana University Bloomington ("IU") and the Trustees of Indiana University ("Board"). In another Order filed contemporaneously with this one, the Court dismissed Plaintiffs' Title IX claims with prejudice. The Court has therefore lost the only basis for federal question jurisdiction over IU and the Board and so must determine whether there is jurisdiction over the negligence claim before turning to it. *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Apart from the federal question jurisdiction that the Court has lost, Plaintiff's complaint invokes the Court's diversity of citizenship jurisdiction. (Docket No. 113 at ECF p. 3). Plaintiffs allege that they are citizens of Illinois, that Connor Delp is a citizen of Indiana, and that Anonymous Hospital has its principal place of business in Indiana, which is tantamount to alleging the Hospital is a citizen of Indiana. But as to IU and the Board's citizenship, the Court spots a wrinkle. The Supreme Court has held that neither a state nor an "arm or alter ego" of the

state is a citizen for the purposes of diversity jurisdiction. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) (citation omitted); *see also Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894). Courts often place state universities into this alter ego category. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999); *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 265 (4th Cir. 2005); *Curators of Univ. of Mo. v. Corizon Health, Inc.*, 627 F. Supp. 3d 1030, 1037 (W.D. Mo. 2022); *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1141 (N.D. Cal. 2003); *W. Va. Univ. Bd. of Governors ex rel. W. Va. Univ. v. Rodriguez*, 543 F. Supp. 2d 526, 531 & n.3, 535 (N.D.W. Va. 2008) (collecting cases). In *American Tobacco Co.*, the Eleventh Circuit equated the question whether a state university is immunized by the Eleventh Amendment from suit in federal court with the question whether the state university is a "citizen" as defined by 28 U.S.C. § 1332(a). 168 F.3d at 412. In our own circuit, courts have described IU and the Board as "state agencies" for sovereign-immunity purposes. *Haynes v. Ind. Univ.*, 902 F.3d 724, 731 (7th Cir. 2018); *see also Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007); *Feresu v. Ind. Univ. Bloomington*, No. 1:14-cv-1227, 2015 WL 5177740, at *3 (S.D. Ind. Sept. 3, 2015). Applying *American Tobacco Co.*'s reasoning here leads to the conclusion that IU and the Board are not "citizens" under § 1332(a), so the Court lacks diversity-of-citizenship jurisdiction over them.

      The Court therefore **ORDERS Plaintiffs to show cause** why their negligence claim against IU and the Board should not be dismissed for lack of subject-matter jurisdiction. *E.g.*, *Faudree v. Immediate Action Med., Inc.*, No. 1:20-cv-365, 2020 WL 13574988, at *1 (S.D. Ind. Feb. 3, 2020). Plaintiffs shall file a brief that addresses this issue within **twenty-one days of the**

2

**date of this Order**. Defendants shall have twenty-one days from the date Plaintiffs file their brief to respond. Plaintiffs shall have seven days thereafter to reply.

    **IT IS SO ORDERED**.

Dated:  February 13, 2026

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.