UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANE DOE I,                                              )
JOHN DOE,                                                )
JANE DOE II,                                             )
                                                         )
                        Plaintiffs,                      )
                                                         )
            v.                                           )    No. 1:24-cv-01982-MPB-MG
                                                         )
INDIANA UNIVERSITY BLOOMINGTON,                          )
THE TRUSTEES OF INDIANA UNIVERSITY,                      )
ANONYMOUS HOSPITAL,                                      )
CONNOR DELP,                                             )
                                                         )
                        Defendants.                      )

**ORDER RELINQUISHING STATE-LAW CLAIMS AND DISMISSING ACTION**

Plaintiff Jane Doe I ("Doe") and Defendant Connor Delp were students at Indiana University Bloomington in 2022 when, according to Doe, Delp sexually assaulted her in his apartment. Doe, along with her mother, Jane Doe II, and father, John Doe, sued Indiana University Bloomington ("IU"), the Trustees of Indiana University ("Trustees"), an Anonymous Hospital at which Doe says she sought treatment, and Delp, her alleged attacker. Plaintiffs alleged that IU and the Trustees violated Doe's right to be free from sex discrimination under Title IX, 20 U.S.C. § 1681, and that IU, the Trustees, the Hospital, and Delp committed negligent acts that harmed them.

The only federal claims in this case were two Title IX claims against Defendants IU and the Trustees, which the Court dismissed pursuant to Rule 12(b)(6). (Docket No. 145). Along with that dismissal, the Court ordered Plaintiffs to explain why, absent those federal claims, federal jurisdiction remained as to their pendent state-law tort claims. (Docket No. 146). The show-cause Order pointed out that IU and the Trustees are not "citizens" for the purpose of diversity

jurisdiction, a conclusion with which Plaintiffs, IU, and the Trustees agree. (Docket Nos. 147; 148). So, IU and the Trustees are "stateless," which means § 1332(a)(1)'s requirement that suits be between "citizens of different States" is not satisfied, and complete diversity is "destroyed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989); *see Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 n.7 (4th Cir. 2005); *Long v. Dist. of Columbia*, 820 F.2d 409, 416 (D.C. Cir. 1987); *Curators of Univ. of Mo. v. Corizon Health, Inc.*, 627 F. Supp. 3d 1030, 1038–40 (W.D. Mo. 2022); *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, 921 F. Supp. 2d 158, 160 (S.D.N.Y. 2013). It is inconsequential that complete diversity would exist, it seems, among Plaintiffs, the Hospital, and Delp were IU and the Trustees dismissed from this action. Diversity of citizenship is assessed when the action is filed, *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004), subject to the limited exception, seemingly inapplicable here, and, at any rate, not invoked by either side, that diversity may later be acquired by employing Rule 21 to drop dispensable nondiverse parties, *Newman-Green*, 490 U.S. at 832–33. The Court lacks diversity jurisdiction.

Because the Court does not have diversity jurisdiction, and dismissed the basis for federal-question jurisdiction, the Court should relinquish jurisdiction over Plaintiffs' pendent state-law claims by "dismissing the remainder of the suit," unless there is a good reason to hold on to those claims. *E.g.*, *Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 F. App'x 541, 550 (7th Cir. 2018). There is no good reason. It is not "absolutely clear" how the state-law claims should be decided, and the Court has not sunken substantial resources into resolving them. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012). Nor do Plaintiffs argue that the statute of limitations on their state-law claims has run. Rather, Plaintiffs imply they are free to

refile those claims in state court. (Docket No. 147 at ECF pp. 2–3). Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state-law claims against IU, the Trustees, the Hospital, and Delp by dismissing this suit. *Shea*, 746 F. App'x at 550.

As for Plaintiffs' state-law claims against IU and the Trustees, a more fundamental problem exists. IU and the Trustees are arms of the state, so they are immunized from suit by the Eleventh Amendment except when, as relevant here, Congress has abrogated their immunity. *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695–97 (7th Cir. 2007); *see also Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F. Supp. 2d 911, 916 (N.D. Ind. 2006). Plaintiffs, IU, and the Trustees agree that IU and the Trustees enjoy immunity from Plaintiffs' tort claims. (Docket Nos. 147 at ECF p. 2; 148 at ECF p. 2).

In sum, the Court lost its federal-question jurisdiction when it dismissed the only federal claims in this action, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state-law claims. The Court's jurisdiction over this action is not saved by diversity of citizenship. As the Court pointed out in its show-cause Order, and as Plaintiffs, IU, and the Trustees agree, IU and the Trustees are not "citizens" for diversity-jurisdiction purposes—their presence destroys complete diversity. Accordingly, the Court relinquishes jurisdiction over Plaintiffs' pendent state-law tort claims by "dismissing the remainder of the suit . . . for lack of subject-matter jurisdiction." *Shea*, 746 F. App'x at 550.

The Court relinquishes jurisdiction over all Plaintiffs' state-law tort claims (Counts III and IV) pursuant to 28 U.S.C. § 1367(c)(3) by **DISMISSING** those claims **without prejudice**. IU and the Trustees' Motion to Dismiss, (Docket No. 120), is therefore **DENIED as moot** as to Plaintiffs' state-law claims. Final judgment shall issue by separate entry. *E.g.*, *Resnick v.*

*Schwartz*, 430 F. Supp. 3d 492, 500 (N.D. Ill. 2019) (dismissing federal claims, relinquishing

state-law claims, observing lack of diversity jurisdiction, and entering final judgment).

**IT IS SO ORDERED**.

Dated: April 2, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.